# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **KEVIN VISE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 5:07-cv-00838-VEH-HGD |
| | ) |
| **ALABAMA SUPREME COURT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the petition for a writ of mandamus filed by Kevin Vise, hereinafter "Plaintiff," to compel the defendants to dismiss with prejudice the charges filed against him in the Huntsville Municipal Court, and to refund to him a $900 bail bond.[1] (doc. 1). The court also has before it the Report and Recommendation by the Magistrate Judge, and Plaintiff's objections thereto. (docs. 6, 7, respectively).

For the reasons set forth herein, the court finds that Plaintiff's objections are due to be and hereby are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge is **AFFIRMED** and **ACCEPTED**.

---

[1] Defendants to this action are the Alabama Supreme Court, the Alabama Court of Criminal Appeals, the Huntsville Municipal Court, the State of Alabama, Justice Lyons, Justice Stuart, Justice Bolin, Justice Parker, Justice Smith, Justice Murdoch, Justice Woodall, Justice Cobb, and Judge Pamela W. Bashaw, Judge H.W. McMillan, Judge Greg Shaw, Judge A. Kelli Wise, Judge Samuel Henry Welch, and Judge Charles Rodenhouser.

I.  **FACTUAL AND PROCEDURAL HISTORY**

While on parole from the Etowah County Jail, Plaintiff was arrested in Huntsville, Alabama, on June 11, 2003, for driving under the influence (DUI), speeding, and improper lights. (doc. 1, ¶ 1). He posted a $900 bond and was released the same day. (Id.). On June 18, 2003, Plaintiff turned himself in to his parole officer for violating his parole, and has since remained incarcerated.[2] (Id.).

Plaintiff was scheduled for trial on the DUI and traffic charges at the Huntsville Municipal Court on July 30, 2003, which Plaintiff did not attend due to his incarceration in Etowah County. (doc. 1, ¶ 2).

On August 8, 2003, Plaintiff filed a motion for a speedy trial, which was denied. (Id., ¶ 3). Plaintiff then filed several motions with the Huntsville Municipal Court to dismiss the charges and to refund his $900 bond, all of which were denied.[3] (Id., ¶¶ 4-8).

On March 20, 2006, Plaintiff petitioned for a writ of mandamus with the Madison County Circuit Court, and later with the Alabama Court of Criminal

---

[2] It is unclear from the record whether the parole violation resulted from the DUI arrest or some other offense. Plaintiff's parole was revoked on September 10, 2003. (Id., ¶ 4). He is not eligible for parole again until October 2007. (doc. 1, exh. A at 8).

[3] Plaintiff's failure to appear in court on July 30, 2003, appears to have resulted in the forfeiture of the bail bond. (doc. 1, ¶ 11).

Appeals, to compel the Huntsville Municipal Court to adjudicate the charges. (Id., ¶ 9). The appellate court dismissed the petition without prejudice on October 17, 2006. (doc. 1, exh. A at 10). On October 20, 2006, the Madison County Circuit Court dismissed Plaintiff's petition for lack of subject matter jurisdiction. (Id.).

Plaintiff repetitioned the Alabama Court of Criminal Appeals on November 2, 2006. (Id., § 10). This petition was granted insofar as it sought to direct the Huntsville Municipal Court to adjudicate the charges against Plaintiff. (Id.). On January 10, 2007, Plaintiff was notified via letter from the Huntsville Municipal Court that the charges against him were "nolle prossed." (Id., ¶ 11). Plaintiff's $900 bond was not refunded. (Id.).

On January 23, 2007, Plaintiff filed a third petition for a writ of mandamus with the Alabama Court of Criminal Appeals, asserting that the City of Huntsville had failed to offer proper relief for violating his right to a speedy trial.[4] (Id., ¶ 12). The petition was dismissed on February 26, 2007. (Id., ¶ 13).

On March 5, 2007, Plaintiff petitioned the Alabama Supreme Court for a writ of mandamus, which the court dismissed as moot on April 20, 2007, because the charges had been "nolle prosequied." (doc. 1, ¶ 14).

---

[4] The "proper relief" sought by Plaintiff is dismissal with prejudice of the DUI and traffic charges and a refund of his $900 bond. (doc. 6 at 5).

Plaintiff petitioned this court for a writ of mandamus on May 3, 2007. (doc. 1). On June 21, 2007, the Magistrate Judge found that the petition should be dismissed pursuant to 28 U.S.C. § 1915A.[5] (doc. 6). The Magistrate Judge explained first that Plaintiff did not request a refund of his $900 bond before the State trial courts. (doc. 6 at 7-8). Plaintiff objects to this finding as factually incorrect. (doc. 7). The Magistrate Judge also concluded the Huntsville Municipal Court acted within its discretion by dismissing the charges without prejudice. (doc. 6 at 7-8). Plaintiff objects to this conclusion as founded on an incorrect application of the law. (doc. 7).

With regard to Plaintiff's request for the bond refund, the record indicates that Plaintiff did, in fact, request the refund in all State court proceedings. (doc. 1, exh. A). However, the court agrees with the Magistrate Judge that the proper avenue of relief is not to petition this court for a writ of mandamus. Rather, Plaintiff may petition the Huntsville Municipal Court to set aside the bond forfeiture. See Ala. Code. 15-13-80(a); City of Huntsville Code § 16-56. Plaintiff does not dispute that this option could afford him the relief he requests. Consequently, Plaintiff's objection

---

[5] 28 U.S.C. § 1915A provides in relevant part:

    (b) Grounds for dismissal--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

on this point is due to be overruled.

The court also agrees with the Magistrate Judge that the trial court acted within its discretion in dismissing the DUI and traffic charges without prejudice. As stated in the Report and Recommendation, 18 U.S.C. § 3162 provides in relevant part:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: <u>the seriousness of the offense</u>; <u>the facts and circumstances of the case which led to the dismissal</u>; and <u>the impact of a reprosecution on the administration of this chapter and on the administration of justice</u>.

18 U.S.C. § 3162(a)(1) (emphasis added).

According to Plaintiff, the Magistrate Judge failed to review the three factors underlined above. Had the Magistrate Judge reviewed these factors, Plaintiff asserts, the court would have found that the charges should be dismissed with prejudice and would therefore have issued the writ.

The court disagrees. Plaintiff's primary argument is that he was incarcerated solely for the purpose of awaiting trial on the pending charges. Because the City of Huntsville denied him a speedy trial, Plaintiff asserts that he was unjustly imprisoned for almost four years without having ever been tried or convicted. However, the

record indicates that Plaintiff was imprisoned for violating his parole, not for the DUI and traffic charges. (doc. 1, ¶ 4). Plaintiff appears to argue that his parole was revoked due to his arrest on charges of which he was never convicted. (doc. 1, exh. A at 27). However, the fact that Plaintiff was not convicted has no bearing on the fact that he violated his parole and was therefore properly incarcerated during the times relevant to his petition.[6]

Nevertheless, the court finds that the three factors enumerated in 18 U.S.C. § 3162(a)(1) weigh against granting the writ of mandamus. With regard to the first factor, "the seriousness of the offense," Plaintiff appears to argue that his liberty interest outweighs the State's interest in prosecuting the DUI charges. This argument is without merit. As explained *supra*, Plaintiff was not incarcerated merely to await trial on the DUI and traffic charges, but for violating his parole. (doc. 1, exh. A at 7-

---

[6] Ala. Code § 15-22-31(a) provides that

> [i]f the parole officer having charge of a paroled prisoner or any member of the Board of Pardons and Paroles shall have reasonable cause to believe that such prisoner has lapsed, or is probably about to lapse, into criminal ways or company or has violated the conditions of his parole in an important respect, such officer or board member shall report such fact to the Department of Corrections, which shall thereupon issue a warrant for the retaking of such prisoner and his return to the prison designated.

Ala. Code § 15-22-31(a) does not require that Plaintiff be convicted of the charges as a prerequisite to the proper revocation of his parole. Based on the plain language of the statute, the mere fact that Plaintiff was arrested while on parole is sufficient, within the discretion of his parole officer, to trigger the revocation process.

8). Hence, Plaintiff's liberty interest was not dependent on the speedy adjudication or dismissal with prejudice of the DUI and traffic charges.

As to the second factor, "the facts and circumstances of the case which led to the dismissal," Plaintiff merely reiterates the same argument asserted for the first factor, which the court rejects as explained *supra*. It is not clear from the record what circumstances led to the dismissal of the charges, and Plaintiff does not appear to address this issue.

As to the third factor, "the impact of a reprosecution," Plaintiff argues that "there will be no justice, nor accountability," unless the court grants the writ of mandamus. Plaintiff offers nothing more than this blank assertion in support of this factor, and the court is unconvinced by it.

### III.   CONCLUSION

The court finds that none of the three factors set forth in 18 U.S.C. § 3162 weigh in favor of granting the writ. Consequently, Plaintiff's objections to the Magistrate Judge's Report and Recommendation are due to be and are hereby **OVERRULED**, the Report is **AFFIRMED** and the Recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). A Final Judgment will be entered.

**DONE** and **ORDERED** this the 11th day of July, 2007.

 /s/ Virginia Emerson Hopkins
 **VIRGINIA EMERSON HOPKINS**
 United States District Judge